# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-3425

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Vincent Leon Duckett, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

———————

Submitted: April 2, 2003
Filed: April 4, 2003

———————

Before LOKEN,* Chief Judge, BOWMAN, and WOLLMAN, Circuit Judges.

———————

PER CURIAM.

Vincent Leon Duckett pleaded guilty to conspiring to possess and utter counterfeit securities, in violation of 18 U.S.C. § 371, and the district court[1] sentenced him to 60 months imprisonment, 3 years supervised release, and restitution of $207,488. On appeal, Duckett argues that the district court erred in including in the

———————

*The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

[1]The HONORABLE JAMES M. MOODY, United States District Judge for the Eastern District of Arkansas.

amount of loss altered cashier's checks totaling more than $4,000,000, because they could not have been negotiated and thus could not have resulted in actual loss. In the alternative, he argues that he should have received a 3-level reduction under U.S.S.G. § 2X1.1 (1995), because the greater loss was merely attempted and not completed. After careful review of the record, we reject Duckett's arguments, and we affirm.

The district court did not clearly err in determining the amount of loss. <u>See</u> <u>United States v. Oligmueller</u>, 198 F.3d 669, 671 (8th Cir. 1999) (standard of review). Regardless of whether the checks could have been negotiated successfully, the evidence at sentencing indicated Duckett intended that they result in additional losses. <u>See</u> U.S.S.G. § 2F1.1, comment. (n.7) (1995) (if intended loss that defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss). Further, a reduction under section 2X1.1 was not appropriate because the offense--conspiracy to possess forged securities--was completed, even if the loss was not inflicted. <u>See</u> 18 U.S.C. § 513(a); U.S.S.G. § 2X1.1, comment. (backg'd.) (1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.